Lonny Wayne LAWSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12498.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1982.

Robert R. Parrish, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant filed a motion pursuant to Rule 27.26 seeking to vacate a sentence of five years imprisonment for second degree robbery. The trial court denied his motion without an evidentiary hearing on the ground that the motion and record of the case conclusively showed that the movant was not entitled to relief. Rule 27.26(e).

Movant contends that the trial court erred in failing to grant him a hearing because his claim in the motion that his attorney told him he would make parole in eight months and would be able to commutate his sentence in forty-five months presented questions of fact which were not refuted by the record and which, if true, would entitle movant to relief. In his motion movant asserted that his attorney "misadvised him and deliberately tricked him" into entering a plea of guilty. He states that he was told by the attorney that the charge of robbery would be reduced to stealing and that he would be able to enter a plea of guilty to stealing and receive a three-year sentence. The trial court found that this contention was clearly refuted by the record and movant does not contend here that this finding was erroneous.

In a separate paragraph immediately following the paragraph referring to the three-year sentence, movant's motion states that his attorney "also told movant that he would make parole in eight (8) months and in the event that movant decided not to accept parole he would be able to commutate [sic] his five year sentence in forty-five (45) months." Movant says that these statements have not proven to be true.

The motion states that movant was told he would receive a three-year sentence in his "first interview" with the attorney. The conversation regarding parole and the commutation of the five-year sentence must have been later as it is inconsistent with the initial conversation. When it occurred is not apparent from the motion, it may even have been after the plea of guilty. The motion does not say that movant relied upon the statements regarding parole and commuting the five-year sentence in making the guilty plea or that they were material to that decision.

The only allegation in the motion which movant claims related to his decision on the guilty plea was his claim that he was told that the charge would be reduced to stealing and a three-year sentence imposed. That contention is clearly refuted by the record and not questioned on appeal and the

other statements are not alleged to have been made before the plea or in regard to it. Therefore, we cannot say that the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.